837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. DeLESSIO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3450.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1987.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in No. NY07528610522, reversing the initial decision of the administrative judge and thereby sustaining the removal of the petitioner, Michael J. DeLessio, from his position as a mail handler with the United States Postal Service, is affirmed.
 
 OPINION
 
 2
 Petitioner DeLessio challenges the board's interpretation of the facts in this case, and in particular, the board's rejection of the administrative judge's credibility findings. The board found that, in view of all the evidence, the Postal Service had proved its charge that DeLessio intentionally made a false statement on his employment application. The board rejected DeLessio's testimony that he simply made a mistake, despite the judge's finding that DeLessio "testified in a straightforward manner."
 
 
 3
 While the board is not bound by the administrative judge's findings, neither is it free to simply disagree with the judge's assessment of credibility. Jackson v. Veterans Admin., 768 F.2d 1325, 1331 (Fed.Cir.1985). The board must articulate a sound reason, based on the record, for its contrary evaluation of the evidence. Id. The issue is whether the board's evaluation of the evidence is reasonable, i.e., supported by substantial evidence, taking into consideration that the administrative judge, who heard the witnesses, evaluated the evidence as insufficient. See id. at 1332.
 
 
 4
 DeLessio argues that the board's finding that he had a motive not to disclose his other convictions cannot be sustained. While DeLessio's explanation is plausible--that he had no reason to hide his convictions because Mr. Cleary already knew about the conviction for driving while intoxicated (DWI)--the board's position is supported by substantial evidence. Admittedly, the evidence is circumstantial, but this court has recognized that there is seldom direct evidence of intent to deceive or mislead, and proof of intent must be derived inferentially. Naekel v. Department of Transp., 782 F.2d 975, 979 (Fed.Cir.1986).
 
 
 5
 Furthermore, this case is not like Naekel in which the only evidence of intent to deceive was the omission from the employment form itself. Id. at 979. This was not the first time that DeLessio had answered "no" to the question on prior criminal convictions in applying for a Postal Service job. That time, he was denied a temporary position with driving duties because of the DWI conviction he had not revealed. The board found it unlikely that seven months later, when completing the same form, he somehow overlooked or forgot his five other criminal convictions, three of which resulted in jail sentences.
 
 
 6
 Thus, even with DeLessio's testimony, there is substantial evidence to support the board's decision, and accordingly, we must affirm.